UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOUGLAS STALLEY, on behalf of
the United States of America,

      Plaintiff,

v.                                                    Case No. 8:06-cv-2358-T-24-TGW

COMMUNITY HEALTH SYSTEMS, INC.,
ET AL.,

      Defendants
_____/

**ORDER**

This cause comes before the Court on Defendants' Motion to Dismiss and Notice of Supplemental Authority. (Doc. No. 7, 8). Plaintiff opposes the motion. (Doc. No. 9).

**I. Background**

On December 21, 2006, this case was removed from state court. Plaintiff is suing Defendants to recover Medicare payments that were allegedly made as a result of Defendants' wrongful conduct.

Plaintiff alleges the following in his complaint (Doc. No. 2): Defendants Community Health Systems, Inc. and Community Health Systems Holding Corporation ("Community Health") are participant providers in the Medicare program. Defendant Community Health Insurance Group, Ltd. is a partially owned insurance subsidiary of Community Health that existed for the purpose of providing professional liability coverage for Community Health and its subsidiary hospitals.

Plaintiff alleges that Community Health caused harm to Medicare patients in Community Health's hospitals, and then Community Health provided medical services to the harmed

Medicare patients. Plaintiff further alleges that despite the fact that Community Health's own conduct caused the harm to the patients and thereby triggered Defendant's liability to pay for the medical services that were necessitated by the harm, Community Health received payments from Medicare for treating the harmed Medicare patients. Plaintiff contends that Defendants violated the Medicare Secondary Payer statute by failing to reimburse Medicare for the payments Defendants received from Medicare for medical services provided by Community Health that were necessitated by Community Health's harm to the Medicare patients.

## II.  Medicare Secondary Payer ("MSP") Statute

> The MSP statute can be described as follows:
>
> The Medicare Secondary Payer statute ("MSP"), which was enacted in 1980 to reduce federal health care costs, "makes Medicare the secondary payer for medical services provided to Medicare beneficiaries whenever payment is available from another primary payer." Cochran v. U.S. Health Care Financing Admin., 291 F.3d 775, 777 (11th Cir. 200). "This means that if payment for covered services has been or is reasonably expected to be made by someone else, Medicare does not have to pay. In order to accommodate its beneficiaries, however, Medicare does make conditional payments for covered services, even when another source may be obligated to pay, if that other source is not expected to pay promptly." Id.; *see* 42 U.S.C. § 1395y(b)(2)(A)(I). Such payment is conditioned on Medicare's right to reimbursement if a primary plan later pays or is found to be responsible for payment of the item or service. Id.
>
> *     *     *
>
> To facilitate recovery of conditional payments, the MSP provides for a government action against any entity that was responsible for payment under a primary plan, 42 U.S.C. § 1395y(b)(2)(B)(iii), and subrogates the United States to the rights of a Medicare beneficiary to collect payment under a primary plan for items already paid by Medicare, § 1395y(b)(2)(B)(iv).

Glover v. Liggett Group, Inc., 459 F.3d 1304, 1306, 1307 (11th Cir. 2006). Additionally, the MSP contains a private right of action provision, which states: "There is a private cause of action for damages (which shall be in an amount double the amount otherwise provided) in the case of a

primary plan which fails to provide for primary payment (or appropriate reimbursement) in accordance with paragraphs (1) and (2)(A).  42 U.S.C. § 1395y(b)(3)(A).

**III.  Motion to Dismiss**

Defendants move to dismiss Plaintiff's complaint, arguing, among other things, that Plaintiff lacks standing.  Specifically, Defendants argue that Plaintiff lacks standing under the MSP statute, because Plaintiff has not alleged an injury-in-fact under the MSP statute.  Plaintiff does not allege in the complaint that he is a Medicare recipient that was injured by Defendants or any other personal injury-in-fact.  Plaintiff responds that the MSP statute is similar to a *qui tam* action, and as such, because the United States has suffered an injury-in-fact, he may sue to redress that injury through the MSP statute.  Several courts, however, have rejected this argument in cases filed by this plaintiff and another plaintiff across the county (including three cases filed in the Middle District of Florida).[1]  As such, the Court finds that Plaintiff lacks standing under the MSP statute.

---

[1] *See Stalley v. Catholic Health Initiatives*, Case No. 4:06CV00629GH (E.D. Ark. Oct. 20, 2006); *Stalley v. Triad Hospitals, Inc.*, Case No. 3:06CV00093WRW (E.D. Ark. Nov. 14, 2006); *Brockovich v. HCA, Inc. et al.*, Case No. 06-cv-4501 (C.D. Ca. Oct. 24, 2006); *Brockovich v. HealthSouth Corp. et al.*, Case No. 06-cv-0546 (C.D. Ca. Oct. 24, 2006); *Brockovich v. Vanguard Health Systems, Inc. et al.*, Case No. 06-cv-0547 (C.D. Ca. Oct. 24, 2006); *Brockovich v. Promise Healthcare, Inc. et al.*, Case No. 06-cv-4134 (C.D. Ca. Oct. 24, 2006); *Brockovich v. Kindred Healthcare, Inc. et al.*, Case No. 06-cv-4423 (C.D. Ca. Oct. 24, 2006); *Brockovich v. Scripps Health*, Case No. 06-cv-1569 (S.D. Ca. Nov. 7, 2006); *Brockovich v. Sharp Healthcare*, Case No. 06-cv-1628 (S.D. Ca. Nov. 7, 2006); *Stalley v. Sumner Regional Health Systems, Inc.*, Case No. 2:06-0074 (M.D. Tenn. Jan. 18, 2007); *Stalley v. Orlando Regional Healthcare System, Inc.,* Case No. 6:06-1824-Orl-31JGG (M.D. Fla. Jan. 22, 2007); *Stalley v. Catholic Health East*, 2007 WL 320271 (E.D. Pa. Jan. 30, 2007); *Stalley v. Delta Health Group, Inc.*, 2007 WL 220170 (M.D. Fla. Jan. 26, 2007); *Stalley v. Baptist Health System, Inc.*, Case No. 3:06-cv-1110-J-25-TEM (M.D. Fla. Feb. 8, 2007)(copies of the unpublished cases, except for *Baptist Health System, Inc.*, attached to Doc. No. 7 and 8).

**IV.  Conclusion**

Since Plaintiff lacks standing, this Court lacks subject matter jurisdiction over this case. Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 2005)(citations omitted).  As such, it is ORDERED AND ADJUDGED that pursuant to 28 U.S.C. § 1447(c), this case is remanded back to state court.  The Clerk is directed to close the case and to terminate all pending motions.

**DONE AND ORDERED** at Tampa, Florida, this 2nd day of March, 2007.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record